# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL GIAMO,
      *Petitioner,*

    v.                              No. 3:24-cv-28 (VAB)

R. STOVER,
      *Respondent.*

## ORDER OF DISMISSAL

Michael Giamo ("Petitioner"), is an individual who was formerly confined at Federal Correctional Institution, Danbury ("FCI Danbury"). On January 8, 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 against FCI Warden Stover to challenge his disciplinary proceedings on grounds of Fifth Amendment procedural due process violation. Pet., ECF No. 1. Petitioner's request for relief seeks expungement of his disciplinary report and removal of the sanctions arising from the disciplinary decision. *Id.* at ¶ 15.

On March 13, 2024, Respondent filed a response to the Court's Order to Show Cause, arguing for dismissal of this action on the grounds of improper venue, Petitioner's failure to exhaust his administrative remedies, and lack of merit for his claim of Fifth Amendment due process violation. Resp't Response, ECF No. 6. Petitioner was permitted to file a reply by May 17, 2024. Order, ECF No. 8. To date, Petitioner has not submitted any reply to Respondent's arguments for dismissal of this matter.

For the reasons set forth below, this Petition is **DISMISSED** without prejudice.

## I.  BACKGROUND[1]

On January 8, 2024, Petitioner filed this Petition, while he was incarcerated at FCI Danbury, to challenge disciplinary proceedings that resulted in a guilty finding for "Disruptive Conduct—High most like Mail Abuse—Disrupt Monitoring" and imposition of sanctions of 27-day loss of Good Conduct Time and three month loss of email privileges. *See* Pet., ECF No. 1; Resp't Ex. A, Magnusson Decl. at ¶ 9, ECF No. 6-1; Resp't Ex. D, Disciplinary Hearing Officer Report, ECF No. 6-5.

On January 23, 2024, Petitioner was transferred to FCI Fort Dix in New Jersey. Resp't Ex. A, Magnusson Decl. at ¶ 18, ECF No. 6-1.

**Petitioner's Disciplinary Appeal**

Petitioner filed a disciplinary appeal that was received at BOP's Northeast Regional Office on January 11, 2023. Resp't Ex. A, Magnusson Decl. at ¶ 12, ECF No. 6-1. This appeal (assigned Remedy ID No. 1151900- RI) was rejected on February 17, 2023, for including more than one additional page (status reason "ONE"). *Id.*; *see* Resp't Ex. E, Administrative Remedy History at 16, ECF No. 6-6; Pet'r Ex. B, Rejection Notice, ECF No. 1-2.

Petitioner was advised that he could resubmit a corrected appeal within 10 days of the rejection (status reason "RSR"). Resp't Ex. A, Magnusson Decl. at ¶ 12, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 16, ECF No. 6-6; Pet'r Ex. B, Rejection Notice, ECF No. 1-2.

---

[1] ¹The background information is based on the declaration of Bureau of Prison ("BOP") Legal Assistant Cheryl Magnusson, to which Petitioner has had an opportunity to respond, but has chosen not to do so. Significantly, the Court has waited several months beyond the deadline for any such response before issuing this opinion. The Court cites to the ECF page numbers.

On March 24, 2023, the SENTRY Record shows that the Northeast Regional Office received Petitioner's corrected appeal (Remedy ID No. 1151900-R2). Resp't Ex. A, Magnusson Decl. at ¶ 13, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 17, ECF No. 6-6. A letter from a BOP staff member—attached to the Petition—states that Petitioner did not receive notice of the rejection until February 27, 2023. Pet'r Ex. D, Mem. from Staff, ECF No. 1-4. The record indicates that this letter was submitted with Petitioner's corrected appeal. Resp't Ex. A, Magnusson Decl. at ¶ 13, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 17, ECF No. 6-6.

The BOP Northeast Regional Office determined that Petitioner's corrected appeal was due on March 9, 2023, if he received the rejection on February 27, 2023, and therefore it rejected this corrected appeal as untimely. Resp't Ex. A, Magnusson Decl. at ¶ 13, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 17, ECF No. 6-6; Pet'r Ex. C, Rejection Notice, ECF No. 1-3. The Rejection Notice dated April 20, 2023 (attached to the Petition) states that Petitioner could resubmit his appeal "in proper form within 10 days of this Rejection Notice." *Id.*

The SENTRY record shows that a resubmitted appeal from Petitioner was received at the Northeast Regional Office on May 11, 2023 (Remedy ID No. 1151900-R3). Resp't Ex. A, Magnusson Decl. at ¶ 14, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 17, ECF No. 6-6. This appeal was rejected because his corrected appeal had not been received by March 9, 2023. Resp't Ex. A, Magnusson Decl. at ¶ 14, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 17, ECF No. 6-6. The Rejection Notice dated July 10, 2023 for his Remedy ID No. 1151900-R3 (attached to the Petition) provided that Petitioner could resubmit an appeal "in proper form within 10 days of this Rejection Notice." Pet'r Ex. F,

Rejection Notice, ECF No. 1-6.

Petitioner submitted another appeal that was received by the Northeast Regional Office on July 27, 2023 (Remedy ID No. 1151900-R4). Resp't Ex. A, Magnusson Decl. at ¶ 15, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 18, ECF No. 6-6. Petitioner attaches an exhibit indicating that he submitted this appeal with a BOP staff memorandum requesting "consideration" of the fact that Petitioner sent his "corrected appeal certified on March 8, 2023." *See* Pet'r Ex. E, Staff Mem., ECF No. 1-5; Resp't Ex. A, Magnusson Decl. at ¶ 15, ECF No. 6-1.

The BOP Administrative Remedy Program Statement provides that the deadline for an appeal, however, is determined according to the receipt of the appeal in the Northeast Regional Office, *see id.*,[2] and the Northeast Regional Office rejected his resubmitted appeal for the stated reason that the "information in the staff memo [was] flawed." *see id.*; Resp't Ex. E, Administrative Remedy History at 18, ECF No. 6-6. The Rejection Notice dated September 15, 2023 for Remedy ID No. 1151900-R4 (attached to the Petition) again provided Petitioner time to resubmit his appeal "in proper form within 10 days of the date of this Rejection Notice." Pet'r Ex. G, Rejection Notice, ECF No. 1-7.

According to the SENTRY records, Petitioner did not attempt to resubmit any further disciplinary appeals relevant to this matter at the Northeast Regional Office. Instead, he filed a disciplinary appeal received at the BOP's Office of General Counsel on October 27, 2023 (Remedy ID No. 1151900-A1). Resp't Ex. A, Magnusson Decl. at ¶ 16, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 18, ECF No. 6-6.

---

[2] https://www.bop.gov/policy/progstat/1330_018.pdf.

The BOP Office of General Counsel rejected Petitioner's appeal because it "[c]oncur[red] with the Region's Rejection" and an inmate "must file BP-10 and receive response prior to filing BP-11." Resp't Ex. A, Magnusson Decl. at ¶ 16, ECF No. 6-1; Resp't Ex. E, Administrative Remedy History at 18, ECF No. 6-6.

## II.    DISCUSSION

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 28 U.S.C. § 2241(a), writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." Section 2241 applies to "challenges to the execution of a federal sentence, including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (internal quotations omitted).

As a result, the Court will review this petition on two grounds raised by the Respondent: venue and exhaustion.

### A.    Venue

A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–495 (1973). The proper venue for a habeas corpus petition "lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The rule that the proper venue for a challenge to present physical custody lies only in the district of confinement is based on the requirement that

5

the court issuing the writ have jurisdiction over the entity capable of effecting the relief sought in the petition; in the context of a challenge to physical custody, that entity is the petitioner's custodian. *See, e.g., Braden*, 410 U.S. at 495 ("The important fact to be observed in regard to the mode of procedure upon [a writ of habeas corpus, that it is directed to, and served upon ... [the] jailer ... compelling the oppressor to release [the petitioner's] constraint").

The "immediate physical custodian rule" does not apply when a habeas petitioner challenges something other than his present physical confinement. *See Padilla,* 542 U.S. at 438 (discussing instances in which a petitioner may name as respondent an entity other than immediate physical custodian under section 2241). Thus, when a petitioner does not seek release from custody, venue may not be appropriate in the district of confinement. *See, e.g., Braden*, 410 U.S. at 500 (discussing application of traditional venue considerations in the context of a section 2241 petition challenging interstate detainer); *Padilla,* 542 U.S. at 438 (noting that a district court in a location other than the district of confinement may consider a petition under 2241 where petition does not challenge immediate physical confinement).

Here, Petitioner is not challenging his immediate physical confinement. In *Braden,* the Supreme Court articulated several factors to be considered in determining whether venue is proper in a habeas action. Those factors include: (1) "where all of the material events took place"; (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found"; and (3) the convenience of the forum for both the respondent and the petitioner. 410 U.S. at 493–494. Because Petitioner's disciplinary action occurred while Petitioner was incarcerated at FCI Danbury, the relevant record is in this District, and therefore, this District presents the

most convenient forum. To the extent that Petitioner's requested relief is not moot, this District would be capable of providing such relief as expungement of a disciplinary report.

Accordingly, this District remains a proper venue for this action despite Petitioner's transfer to another facility, and the motion to dismiss will be denied as to the grounds of improper venue.

### B.     Exhaustion of Bureau of Prison  Remedies

Section 2241 does not expressly require exhaustion of state law or administrative remedies, but decisional law imposed such a requirement to accommodate principles of federalism. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (noting Prison Litigation Reform Act ("PLRA") exhaustion requirement does not apply to habeas actions but exhaustion for section 2241 petition is required under decisional law); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976).

The burden of demonstrating exhaustion of administrative remedies rests with the § 2241 petitioner, *Spring v. Schult*, No. 908-CV-0531 (LEK), 2009 WL 3232183, at *1 (N.D.N.Y. Oct. 1, 2009), and failure to exhaust administrative remedies "results in a procedural default." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) ) (lack of exhaustion "results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused.") (citing *Carmona*, 243 F.3d at 634); *see also Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default."). Thus, absent a showing of "cause and prejudice" a federal inmate is required to exhaust his administrative remedies before seeking habeas relief pursuant to 28 U.S.C. § 2241. *See Carmona*, 243 F.3d at

634. A court has discretion to excuse compliance with the BOP administrative remedies where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a [petitioner] has raised a substantial constitutional question." *Emery v. Pullen*, 2023 WL 348114, at *4 (D. Conn. 2023) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

To exhaust administrative remedies, federal inmates must comply with the BOP's Administrative Remedy Program. Prisoners may appeal adverse findings of the disciplinary hearing officer through the Administrative Remedy Program and direct the initial filing to the Regional Director. 28 C.F.R. part 542, subpart B; 28 C.F.R. § 542.14(d)(2). "An inmate who is not satisfied with the Regional Director's response may submit an appeal to . . . the General Counsel [in the BOP's Central Office] within 30 calendar days from the date the Regional Director signed the response." 42 C.F.R. § 542.15(a). This time limit may be extended if the inmate demonstrates a valid reason for the delay. *Id.*

> The BOP Administrative Remedy Program Statement provides:
>
> These deadlines [under section 542.15] specify the date of the Appeal's receipt in the regional office or the Central Office. The deadlines have been made deliberately long to allow sufficient mail time. Inmates should mail their Appeals promptly after receiving a response to ensure timely receipt. Ordinarily, the inmate must submit written verification from institution staff for any reason for the delay that cannot be verified through SENTRY.

Resp't Ex. A, Magnusson Decl. at ¶ 15, ECF No. 6-1. BOP Program Statement available at https://www.bop.gov/policy/progstat/1330_018.pdf.

Once an appeal is filed, the Regional Director is required to respond to an appeal within thirty calendar days unless that time has been extended for the Regional Director to properly

decide the matter and the inmate is informed of the extension in writing. 42 C.F.R. § 542.18. If the inmate has not received a response within the prescribed time, including any extension, "the inmate may consider the absence of a response to be a denial at that level." *Id.*; *Rosales v. Petrucci*, No. 20-CV-2136(CS), 2021 WL 5449701, at *4 (S.D.N.Y. Nov. 22, 2021). As a final step, "an unfavorable decision from the Regional Director may be appealed to the General Counsel's . . . Central Office . . . within thirty days of the date on which the Regional Director rejects the inmate's appeal." *Chi v. Fernandez*, No. 9:18-CV-1212 (MAD), 2019 WL 6894837, at *5 (N.D.N.Y. Dec. 18, 2019). An administrative remedy appeal is not considered finally exhausted until it is considered by BOP's Central Office. *Id.* at *6.

Exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and it discourages "disregard of [the agency's] procedures." *Woodford*, 548 U.S. at 89; *see McDonald v. Sage*, No. 3:20-CV-1737 (SRU), 2022 WL 503925, at *3 (D. Conn. Feb. 18, 2022) (dismissing section 2241 petition where Petitioner failed to follow all of the steps under the Administrative Remedy process).

Here, on this record, Petitioner failed to properly complete all the steps to exhaust his BOP administrative remedies. His disciplinary decision appeal was considered on the merits by the BOP General Counsel. Petitioner attempted to resubmit his disciplinary appeal to the Northeast Regional Office, but none of these appeals provided information to excuse his failure to submit a corrected appeal at the Northeast Regional Office on or before March 9, 2023.

As a result, Petitioner did not satisfy exhaustion of his BOP remedies before filing this federal petition. *See, e.g., Milchin v. Warden*, No. 3:21-CV-1361 (KAD), 2022 WL 1104963, at *4 (D. Conn. Apr. 13, 2022) (concluding petitioner had not exhausted his BOP remedies where

"the merits of his appeal" were not "considered by the BOP's Central Office."). Moreover, the Court discerns no ground to excuse Petitioner from completing his BOP administrative remedies due to futility, incapability, or undue prejudice.

Accordingly, this Section 2241 petition must be dismissed without prejudice for failure to exhaust BOP remedies.

## III.    CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED** without prejudice on grounds that Petitioner failed to exhaust his BOP administrative remedies.

The Clerk of Court is respectfully directed to close this case.

Any appeal from this order would not be taken in good faith.

**SO ORDERED** at New Haven, Connecticut, this 13th day of September, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE